UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| ARTHUR J. Bayer, Jr., *et al.*,<br><br>                      Plaintiffs,<br>      v.<br><br>NATIONSTAR MORTGAGE LLC, *et al.*,<br><br>                      Defendants. | Case No. 3:25-cv-00429-MMD-CSD<br><br>ORDER |

**I.    SUMMARY**

Plaintiffs[1] Arthur J. Bayer, Jr. ("Bayer"), appearing individually, and Arthur J. Bayer Jr., as trustee of the Bayer Family Revocable Trust 2006 ("the Trust"), bring this action against Defendants Nationstar Mortgage LLC dba Mr. Cooper ("Nationstar"); Mortgage Electronic Registration Systems, Inc. ("MERS"); Wells Fargo Bank, N.A., as Trustee for Structured Adjustable Rate Mortgage Loan Trust, Mortgage Pass Through Certificates, Series 2007-3 ("Wells Fargo") (collectively, "Defendants"); and Affinia Default Services, LLC, alleging various claims arising from Plaintiffs' alleged default on a mortgage and subsequent wrongful foreclosure. (ECF No. 1 ("Complaint").) Defendants filed a motion to dismiss (ECF No. 14 ("Motion"))[2] and an accompanying request for judicial notice (ECF No. 15). For the reasons addressed below, the Court grants the request for judicial notice and grants the Motion.[3]

---

[1] The Court notes that Bayer is an attorney barred in the State of Nevada. (ECF No. 1 at 1); *see also* State Bar of Nevada, Find a Lawyer, https://perma.cc/GEJ2-KLM5 (last visited Nov. 20, 2025). Bayer appears as counsel for himself and for the Trust, along with co-counsel. (ECF No. 11.)

[2] Plaintiffs responded (ECF No. 21) and Defendants replied (ECF No. 24).

[3] Also pending before the Court is Plaintiffs' motion to expedite emergency motion to enjoin (ECF No. 4), which the Court denies as moot in light of its ruling on Defendants' Motion. Plaintiffs also filed a motion for Clerk's entry of default against Defendant Affinia

## II. BACKGROUND[4]

In January 2007, Bayer[5] executed a deed of trust ("Deed of Trust") recorded against real property located at 6574 Champetre Court, Reno, Nevada 89511 ("Property"), securing repayment of a $850,000 promissory note ("Note," together with the Deed of Trust, "Loan"). (ECF No. 1 at 3, 8.) According to the Deed of Trust, Guild Mortgage Company was the lender, and MERS was a beneficiary.[6] (*Id.* at 10.)

Due to the financial crisis in 2008 and Bayer's limited income, Bayer sought to refinance the Property at a lower interest rate. (*Id.* at 9.) Eventually, in 2016, Bayer received approval for a new loan with Guild Mortgage. (*Id.*) However, it was impossible for Plaintiffs to refinance the Property due to Bayer's limited income and chain of title issues. (*Id.*) After Bayer obtained his mortgage, the Note and Deed of Trust were separated, and his loan was sold, reassigned, or transferred, but not documented, resulting in a break in chain of title. (*Id.* at 11.) Plaintiffs' loan was transferred and sold multiple times, and Defendants and its predecessors failed to provide the assignments and documentation of the loan servicers to Plaintiffs. (*Id.* at 4.) Nationstar took over loan servicing for Bank of America in 2013, and it failed to accept Plaintiffs' payments and committed extensive accounting errors and omissions. (*Id.*) Plaintiffs started to receive notices of default from Nationstar starting in November 2017, but Plaintiffs were never in default. (*Id.* at 25.) Plaintiffs eventually had to put the Property up for sale to avoid a forced foreclosure and short sale. (*Id.* at 5.)

In January 2020, Plaintiffs filed a petition in the Second Judicial District Court of the State of Nevada, Washoe County, seeking to participate in the Foreclosure Mediation

---

Default Services, LLC ("ADS"). (ECF No. 28.) The Court agrees with ADS's response to that motion (ECF No. 39) and will deny the motion.

[4]The following facts are adapted from the Complaint (based on what the Court can discern) and public records of the state court proceedings of which the Court takes judicial notice, *see infra*.

[5]Plaintiffs' Complaint uses Plaintiff and Plaintiffs' inconsistently. The Court will prefer to Plaintiffs collectively because there are two parties filing this action.

Program and challenging Respondent Nationstar's authority to foreclose on the Deed of Trust. (ECF Nos. 1 at 47; 15-4 at 2.) Bayer then filed a motion in state court in which he argued that respondents failed to answer his petition and asked the district court to enter default judgment and impose sanctions. The district court denied this motion, because it found that Nationstar answered his petition, default was not permitted under the Foreclosure Mediation Rules (FMR), and sanctions were not warranted. *Bayer v. Nationstar Mortg. LLC*, No. 87244-COA, 2024 WL 4879125, at * 1 (Nev. Ct. App. Nov. 22, 2024) (en banc petition denied). At mediation, the parties did not come to an agreement. The mediator recommended that the court direct the issuance of a foreclosure certificate and dismiss Bayer's petition for foreclosure mediation assistance. *Id*.

After mediation, Bayer filed a request for judicial review under FMR 20(2) and raised several arguments that the district court ultimately found were not supported by evidence. *Id.* at *2. The court entered a written order adopting the mediator's statement and dismissing Bayer's petition for foreclosure mediation. *Id.* Bayer subsequently appealed the district court's decision to direct issuance of the foreclosure certificate, dismiss his petition for foreclosure mediation assistance, and reject his request for sanctions. Bayer argued that Wells Fargo was not the actual beneficiary of the Deed of Trust and that all respondents lacked authority to enforce the Note or the Deed of Trust. *Id.* The court of appeals affirmed the district court, noting that Wells Fargo was the beneficiary of the Deed of Trust, because MERS, the original beneficiary, executed an assignment in favor of Nationstar, and Nationstar subsequently executed an assignment in favor of Wells Fargo. *Id.* Bayer also argued on appeal that he did not default on the loan and "raise[d] several arguments concerning respondents' business activities," but the court declined to address them as beyond the scope of the district court's review. *Id.* at *3.

Plaintiffs filed their Complaint on August 18, 2025. (ECF No. 1.) Plaintiffs purport to bring sixteen claims for relief[7]: (1) breach of contract; (2) breach of servicing obligations/negligence; unfair and deceptive practices; elder abuse; (3) statutory violations; (4) unjust enrichment; alternate remedy; false pretenses; (5) breach of the covenant of good faith and fair dealing; bad faith; (6) violation of 15 U.S.C. 1681(c), et seq.; laches/undue delay; equitable estoppel; (7) violations of 15 U.S.C. § 1692(e); false/misleading/deceptive representations; (8) no default/foreclosure; (9) negligent/intentional misrepresentations; (10) unfair practices in violation of 15 U.S.C. § 1692(f); (11) intentional infliction of emotional distress; (12) negligent infliction and emotional distress; (13) misrepresentation/void assignments; (14) punitive damages under NRS 42.005; (15) declaratory relief; injunctive relief; and (16) quiet title.

## III.   DISCUSSION

### A.   Request for Judicial Notice

The Court will first address Defendants' request for judicial notice. Defendants request that the Court take judicial notice of copies of the Deed of Trust, Corporate Assignments of the Deed of Trust, and the petition for Foreclosure Mediation Assistance filed by Bayer with accompanying exhibits. (ECF No. 15.) Plaintiffs did not oppose the request.

The Court generally "may not consider material outside the pleadings when assessing the sufficiency of a complaint under Rule 12(b)(6)." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018). When "'matters outside the pleading are presented to and not excluded by the court,' the 12(b)(6) motion converts into a motion for summary judgment under Rule 56." *Id.* (quoting Fed. R. Civ. P. 12(d)). The Court may, however, take judicial notice of matters of public record without converting a motion to dismiss into one for summary judgment. *Lee v. City of Los Angeles*, 250 F.3d 668, 689

---

[7]Defendants indicate in their Motion—and the Court agrees—that while Plaintiffs purport to raise sixteen claims for relief, many claims contain more than one claim for relief. (ECF No.14 at 5.)

4

(9th Cir. 2001). The Court will take judicial notice of the Deed of Trust and corporate assignments of the Deed of Trust, as these documents are matters of public record. (ECF Nos. 15-1, 15-2, 15-3.) The Court also takes judicial notice of the petition Plaintiffs filed in state court for Foreclosure Mediation Assistance and state court proceedings[8]. (ECF No. 15-4.) *See Porter v. Ollison*, 620 F.3d 952, 955 n.1 (9th Cir. 2010) (taking judicial notice of a petition that was filed in state court); *Dawson v. Mahoney*, 451 F.3d 550, 551 n.1 (9th Cir. 2006) ("We take judicial notice of the Montana state court orders and proceedings."); *see also Rosales-Martinez v. Palmer*, 753 F.3d 890, 894 (9th Cir. 2014) ("It is well established that we may take judicial notice of judicial proceedings in other courts.").

### B. Motion to Dismiss[9]

As an initial matter, the Court generally agrees with Defendants that Plaintiffs have failed to state a claim that would entitle them to relief. Plaintiffs' Complaint is largely incomprehensible and rife with errors. For example, Plaintiffs' second claim for relief contains a hodgepodge of claims for "Breach of Servicing Obligations/Negligence; Unfair and Deceptive Practices; Elder Abuse." (ECF No. 1 at 51.) Plaintiffs' third claim for relief is for "Statutory Violations," and lists over a dozen federal and state regulations and statutes that they allege Defendants have violated. (*Id.* at 54-55.) Plaintiffs' fourteenth claim for relief is for "punitive damages," which is not a cause of action. (*Id.* at 65-66.)

---

[8] Defendants cite to the related state court order throughout its Motion. The Court takes judicial notice of this order. *See Allen v. Wilmington Tr., N.A.*, No. 3:17-cv-00154-LRH-WGC, 2017 WL 3496481, at *3 (D. Nev. Aug. 15, 2017) (taking judicial notice of Foreclosure Mediation Program documents), *aff'd*, 735 F. App'x 422 (9th Cir. Aug. 22, 2018).

[9] Defendants move to dismiss the Complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *See* Fed. R. Civ. P. 8; *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (holding that to withstand a Rule 12(b)(6) challenge, a plaintiff must allege facts to "nudge[] their claims across the line from conceivable to plausible"); *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (holding that a district court must accept as true all well-pled factual allegations in a complaint, while legal conclusions are not entitled to the assumption of truth). Bayer appears as counsel for the Trust but also appears to serve as his own counsel along with his co-counsel. But even if Bayer is representing himself, the Ninth Circuit has joined other circuits in holding that pro se litigants who are lawyers are not entitled to the more forgiving pleading standards given to pro se litigants. *Huffman v. Lindgren*, 81 F.4th 1016, 1020-21 (9th Cir. 2023). The Court accordingly construes Plaintiffs' pleadings without deference.

Some of Plaintiffs' causes of action name as defendants Bank of America and Country Wide, neither of which are defendants in this case. (*Id.* at 49, 68.) The caption of Plaintiffs' Complaint includes claims for rescission—which is a remedy, not a claim—and for slander of title, which the Court cannot find in the Complaint.

Considering these numerous issues and the generally incomprehensible nature of the Complaint, the Court grants Defendants' Motion. The Court finds persuasive other courts in this district that have dismissed complaints without prejudice where multiple claims are lumped together or where the court is unable to discern a plaintiff's specific cause of action. *See*, *e.g.*, *Gardner v. Sage Ridge Sch.*, No. 3:24-CV-00403-CLB, 2025 WL 384563, at *5 (D. Nev. Feb. 4, 2025) (granting motion to dismiss with leave to amend); *see also Knapp v. Hogan*, 738 F.3d 1106, 1109 (9th Cir. 2013) (noting that a lengthy complaint that requires the Court to examine it to find all the factual elements would fail the requirements of Rule 8(a)). The Court thus dismiss Plaintiffs' Complaint with leave to amend, subject to the limitations of this order, discussed *infra*.

Bayer is reminded that he must follow the Federal Rules of Civil Procedure. Under Federal Rule of Civil Procedure 8(a), a pleading need only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Plaintiffs need not and should not allege very many facts. Rather, in each claim, Plaintiffs should allege facts sufficient to show what each defendant did to violate its rights. Plaintiffs should state distinct and individual causes of action.

### 1. Claim Preclusion

In their Motion, Defendants argue that Plaintiffs are precluded from "asserting that Defendants did not have an interest in the Loan in this action" and "all of Plaintiffs' claims fail as a matter of law as they rely on the false allegation Nationstar is not the servicer and Wells Fargo is not the beneficiary." (ECF No. 14 at 13.) Plaintiffs counter, citing to FMR 22, that "Defendants' counsel should be aware that the proceedings and results of a non-judicial mediation cannot be considered as res judicata in any subsequent judicial action." (ECF No. 21 at 4.)

1    "Claim preclusion makes a valid final judgment conclusive on the parties and
2    ordinarily bars a later action based on the claims that were or could have been asserted
3    in the first case." *Boca Park Martketplace Syndications Grp., LLC v. Higco, Inc.*, 407 P.3d
4    761, 763 (Nev. 2017). Claim preclusion requires a three-part test: (1) the parties or privies
5    are the same; (2) the final judgment is valid; (3) the subsequent action is based on the
6    same claims or any part of them that were or could have been brought in the first case.
7    *Five Star Cap. Corp. v. Ruby*, 194 P.3d 709, 713 (Nev. 2008).

8    The Court agrees with Defendants, in part. First, the Court agrees with Defendants
9    that the parties or privies in both actions are the same. Plaintiffs in this case are the same
10   as petitioners in the state court proceedings. Nationstar was a respondent in the state
11   court proceeding, representing MERS and Wells Fargo. Second, despite Plaintiffs' claim
12   that a judgment from a non-judicial mediation cannot be a basis for preclusion, the
13   Nevada Courts of Appeals have held otherwise. *See Glass v. Select Portfolio Servicing,*
14   *Inc.*, 2023 WL 4838231 (Nev. App. 2023) ("[A]lthough the standard formulation of the
15   issue preclusion doctrine presupposes two separate judicial actions… a nonjudicial
16   foreclosure, with its procedure for requesting appropriate relief from the district court, is
17   sufficiently analogous to a juridical action for the same basic issue-preclusion principles
18   to apply."). Lastly, the present action contains claims that were brought in the state court
19   proceedings—namely, that Defendants "lacked authority to enforce the note or deed of
20   trust". *Bayer*, 2024 WL 4879125 at *2. Plaintiffs' Complaint repeatedly echoes this claim.
21   (ECF No. 1 at 33 ("[n]either Nationstar nor MERS had authority to execute the Corporate
22   Deed or to record the transfer of the DOT"); 42 ("[Nationstar] falsely asserted but lacked
23   authority to file the [notice of default]"); 55 ("[Nationstar] misrepresented that they had
24   authority to act as a servicer"); 64 ("MERS, without authority, transferred the Bayer
25   DOT").)

26   The Court is not persuaded, however, by Defendants' argument that all of Plaintiffs'
27   claims must be dismissed due to claim preclusion. Claim preclusion only applies to claims
28   that were or could have been asserted in the first case and as the party invoking claim

1  preclusion, Defendants bear the burden of proof that the doctrine applies. *See Round Hill Gen. Improvement Dist. v. B-Neva, Inc.,* 606 P.2d 176, 178 (Nev. 1980). Defendants, citing only to Plaintiffs' Complaint as a whole, have failed to establish that all of Plaintiffs' claims could have been raised in the state court proceedings.[10] (ECF No. 14 at 6.) If all Plaintiffs' claims fail as a matter of law, Defendants have failed to meet their burden in claiming as much.

Accordingly, the Court finds that the state court proceeding resulted in a final, valid judgment as to Defendants' interest in and authority to enforce the Note or Deed of Trust. To the extent that Plaintiffs' claims assert or rely on the assertion that Defendants lack such authority, those claims are dismissed with prejudice, as amendment would be futile. If Plaintiffs choose to submit an amended Complaint, Plaintiffs are precluded from asserting this claim and claims that are premised upon this are barred. *See Stacey v. Nationstar Mortg., LLC*, No. 219CV00274GMNNJK, 2019 WL 2375125, at *3-4 (D. Nev. June 5, 2019) (holding that the plaintiff's quiet title claim, in so far as it was premised on the defendant's lack of authority to foreclose, was precluded).

### 2.    Plaintiffs' Claims are Time-Barred

Defendants argue that the following claims are barred by the statute of limitations or cannot be prosecuted because there is no private right of action: (1) breach of contract; (2) breach of servicing obligations/negligence; (3) unfair and deceptive trade practices; (4) elder abuse; (5) "statutory violations"; (6) unjust enrichment; (7) false pretenses; (8) breach of covenant of good faith and fair dealing/bad faith; (9) violation of 15 U.S.C. section 1681c ("FCRA"); (10) violation of 15 U.S.C. section 1692e ("FDCPA"); (11) negligent/intentional misrepresentation; (12) violation of 15 U.S.C. section 1692f ("FDCPA"); (13) intentional infliction of emotional distress; (14) negligent infliction of emotional distress; (15) misrepresentation/void assignments; and (16) quiet title. (*Id.* at

---

[10]Indeed, in state court proceedings, Bayer seems to have appealed the district court's holdings as to the mediation, and when Bayer raised other issues on appeal, the court of appeals did not address them. *See Bayer*, 2024 WL 4879125 at *5.

5.) In a footnote, Defendants also noted that the continuing claim doctrine did not apply to Plaintiffs' claims. (*Id.*) Plaintiffs counter, citing to paragraphs 38, 179, 215, 218, and 235 of the Complaint, that the continuing claims doctrine does apply. (ECF No. 24 at 5.) Plaintiffs also argue that the Court should conclude that "the Statute of Limitations has been tolled or is otherwise not applicable." (ECF No. 21 at 6.)

Given Plaintiffs' general failure to state a claim, the Court declines to address Defendants' arguments regarding statutes of limitation.

## IV.   CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the issues before the Court.

It is therefore ordered that Defendants' motion to dismiss (ECF No. 14) is granted. Plaintiffs' Complaint (ECF No. 1) is dismissed in its entirety for failure to state a claim.

It is further ordered that Plaintiffs' claims that assert or are premised upon an assertion that Defendants lack authority or interest in the Note, Deed of Trust, or Loan are dismissed with prejudice, as amendment would be futile.

It is further ordered that Plaintiffs have 30 days from the date of entry of this order to file an amended complaint to the extent Plaintiffs can state claims that are not precluded as discussed in this order.

It is further ordered that, if Plaintiffs do not file an amended complaint within 30 days of this order, this action will be subject to dismissal with prejudice for failure to state a claim.

It is further ordered that Plaintiffs' motion to expedite emergency motion to enjoin (ECF No. 4) is denied as moot.

It is further ordered that Defendants' request for judicial notice (ECF No. 15) is granted.

It is further ordered that Plaintiffs' motion for entry of Clerk's default (ECF No. 28) is denied.

DATED THIS 21st Day of November 2025.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE